IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:04-CR-00314-F-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| CRAIG EDWARD JOHNSON, | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant's letter motion [DE-124] addressed to the Clerk of Court. Defendant argues that although he has been paying his restitution while in prison, he does not have the funds to continue to do so. Defendant further argues that his Judgment provides that he can pay when he is released from incarceration.

In its Judgment, the court ordered Defendant to pay $17,500.00 in restitution to the Fayetteville Police Department. *See* Judgment [DE-48]. The court further ordered as follows:

> Payment of restitution shall be due and payable in full immediately. However, if the defendant is unable to pay in full immediately, the special assessment and restitution may be paid through the Inmate Financial Responsibility Program. The court, having considered the defendant's financial resources and ability to pay, orders that any balance still owed at the time of release shall be paid in installments of $50.00 per month to begin 60 days after the defendant's release from prison. At the time of the defendant's release, the probation officer shall take into consideration the defendant's ability to pay the restitution ordered and shall notify the court of any needed modification of the payment schedule. However, no further payment shall be required after the sum of the amounts actually paid by all defendants has fully covered all of the compensable victim injuries. The court finds that the defendant does not have the ability to pay a fine due to the court ordered restitution.

*Id.*

Defendant is incorrect in his assertion that the court's Judgment provides that he can pay the restitution when he is released. As noted above, the court set the amount and timing of the restitution by ordering payment due immediately. Because Defendant's motion challenges the

implementation of the restitution portion of his sentence, the undersigned construes the motion as a petition for habeas corpus relief under 28 U.S.C. § 2241. *See United States v. Gripper*, 224 Fed. Appx. 219, 220 (4th Cir. 2007). A § 2241 petition must be brought in the district in which the petitioner is incarcerated. *See In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). Defendant is confined at FCI Big Spring in Texas.

In light of the foregoing, Defendant's letter motion [DE-124] is DENIED without prejudice to Defendant to re-file in the district where he is confined.

SO ORDERED.

This, the 5th day of June, 2013.

JAMES C. FOX
Senior United States District Judge

2