IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:04-CR-314-2-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| CRAIG EDWARD JOHNSON | ) | |

This matter is before the Court on defendant's request for early termination of his probation. [DE 159]. As defendant is currently under a term of supervised release, not probation, the Court construes the motion as a request for early termination of supervised release. The government has responded [DE 162], and the matter is ripe for ruling.

Johnson was sentenced on April 26, 2005, to a total term of 228 months' imprisonment after pleading guilty to a drug and a firearm offense. 21 U.S.C. § 846; 18 U.S.C. §§ 924(c)(1)(A) and 2. On November 3, 2014, the Court reduced Johnson's sentence to a total term of 141 months' imprisonment following a retroactive change in the United States Sentencing Guidelines. Johnson's term of five years of supervised release imposed in his original judgment was unchanged. Johnson was released from the Bureau of Prisons on October 30, 2015.

Pursuant to 18 U.S.C. § 3583(e)(1), the Court may "terminate a term of supervised release and discharge the defendant" after the defendant has served one year of supervised release provided that certain conditions are met. First, the Court must consider certain factors set forth in 18 U.S.C. § 3553. Second, the Court may terminate supervised release only "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." § 3583(e)(1); *see also United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999) ("The

conjunction 'and' used in the statute . . . clearly indicates that a district court must conclude that the early termination of supervised release is warranted by both the individual's conduct and also by the interest of justice.").

In support of his request, Johnson contends that he maintains two jobs, that he does military contracts on Fort Bragg, that he has enrolled in college, and that he has been a model citizen. He further notes that he is the father of a new baby. While the Court is supportive of Johnson's efforts, all defendants are required to comply fully with the terms of their supervised release, and mere compliance is insufficient to warrant early termination. *See Folks v. United States*, 733 F. Supp. 2d 649, 652 (M.D.N.C. 2010) (collecting cases). Johnson has not submitted any information to indicate that his situation is unusual or that any of the relevant § 3553(a) factors have changed from the time of his sentencing.

Accordingly, after considering the requisite factors set forth in § 3553(a) as well as Johnson's conduct and the interest of justice, the Court finds that Johnson's supervised release term continues to be sufficient but not greater than necessary to deter criminal conduct and protect the public. Accordingly, Johnson's motion [DE 159] is DENIED.

SO ORDERED, this **30** day of May, 2017.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2